UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| LORETTA MURRAY, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:15-CV-284-TAV-CCS |
| | ) | |
| FRANK WILLIAMS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a motion entitled "Motion to Withdraw as Other Defendants Counsel," [Doc. 16], filed by Plaintiffs Loretta Murray, Bobby Murray, Billy Murray, and Roger Murray. The parties[1] appeared before the undersigned on September 14, 2015, to present oral arguments on this motion. For the reasons more fully stated at the hearing, the motion is **DENIED WITHOUT PREJUDICE**.

Plaintiffs move the Court to order that Attorney Mark Foster withdraw as counsel for Defendants Dennis Miracle and Glenda Faye Miracle, because Mr. Foster is also a defendant in this case and is representing himself. In support of their motion, the Plaintiffs argue generally that Mr. Foster has a conflict of interest, and specifically, they argue that Mr. Foster cannot be a witness and attorney at trial. Plaintiffs maintain that Mr. Foster's multiple roles in this case are likely to confuse a jury. At the hearing, Plaintiffs emphasized the issues that Mr. Foster's

---

[1] The Office of the Attorney General did not appear on behalf of its clients and, instead, filed a notice stating that its clients did not take a position on the instant motion. Similarly counsel for Ms. Oldfield did not appear, and it is presumed that Ms. Oldfield does not take a position on this motion.

representation would present at trial. They did not argue that Mr. Foster should be precluded from representing the Miracles and himself during preliminary motion practice.

The Miracles and Mr. Foster have responded in opposition to the Plaintiffs' motion. [Doc. 19]. They maintain that a conflict of interest does not currently exist and that the Court should wait to decide whether Mr. Foster should be disqualified based upon potential trial issues. The Miracles and Mr. Foster argue that the Plaintiffs filed the instant motion for strategic reasons, and they contend that Mr. Foster should be permitted to represent both himself and the Miracles at least until the pending dispositive motions are decided. At the hearing before the undersigned, Mr. Foster conceded that he could not be both a witness and attorney at trial, but he maintained that he should not be removed as the Miracles' counsel at this juncture. He argued that removing him now would impose a hardship upon the Miracles.

The Court has reviewed both Rule 1.7 and Rule 3.7 of the Tennessee Rules of Professional Conduct, as adopted by this Court through E.D. Tenn. L.R. 83.6, along with the procedural posture of this case, and the Court finds that the Plaintiffs' motion is premature at this time. As more fully stated at the hearing on this motion, the Court finds that the concerns expressed by Plaintiffs are all tied to the trial of this action, and while both the Court – and to a degree Mr. Foster – acknowledge that Plaintiffs' concerns may be a bar to Mr. Foster continuing his dual representation through trial, the Court cannot find that disqualification is appropriate at this juncture. Seven motions to dismiss are currently pending, and this case has not yet been set for trial. The Court finds that disqualifying Mr. Foster at this juncture would be premature and, potentially, unnecessary.

Accordingly, the "Motion to Withdraw as Other Defendants Counsel," **[Doc. 16]** is **DENIED WITHOUT PREJUDICE**. Plaintiffs may re-file their motion, if appropriate, after

2

Case 3:15-cv-00284-TAV-CCS   Document 70   Filed 09/15/15   Page 2 of 3   PageID #: 450

the Court issues a ruling upon the pending motions to dismiss. If Plaintiffs elect to file a renewed motion after the ruling is issued, they are directed to: cite specific provisions of the Rules of Professional Responsibility, describe specifically how each provision is being violated, and describe specific relevant facts rather than relying on generalities.

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

3

Case 3:15-cv-00284-TAV-CCS   Document 70   Filed 09/15/15   Page 3 of 3   PageID #: 451