UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

LORETTA MURRAY, et al.,            )
                                   )
          Plaintiffs,              )
                                   )
v.                                 )        No.:   3:15-CV-284-TAV-HBG
                                   )
FRANK WILLIAMS, et al.,            )
                                   )
          Defendants.              )

## MEMORANDUM OPINION AND ORDER

The matter is before the Court on the following motions: (1) the Motion to Dismiss filed by defendants Mark N. Foster, Dennis Miracle, and Glenda Faye Miracle [Doc. 12]; (2) the Motion to Dismiss filed by defendant Rochelle Oldfield [Doc. 17]; (3) the Motion to Dismiss filed by defendants Tywanna Walker and Frank Williams [Doc. 40]; (4) the Motion to Dismiss filed by defendants Michael Murphy and Vicky Murphy [Doc. 46]; (5) the Motion to Dismiss filed by defendants Vicky Murphy and the Roane County Emergency 911 Center [Doc. 48]; (6) the Motion to Dismiss filed by defendants Mitchell Grigsby, Lucy Guy, Emily Hardin, Michael Murphy, and Roane County [Doc. 51]; (7) the Answer to Defendants' Motion to Dismiss and Supplement filed by plaintiffs, which the Court interprets as a Motion to Amend the Pleadings pursuant to Federal Rule of Civil Procedure 15(a) [Docs. 58, 59]; (8) the Motion to Strike Supplement filed by defendants Mark Foster, Dennis Miracle, and Glenda Faye Miracle [Doc. 60]; (9) the Motion to Strike Reply to Response filed by defendant Rochelle Oldfield [Doc. 61]; (10) the Motion to Dismiss Defendants' Motion to Strike filed by plaintiffs [Doc. 63]; (11) the

Motion to Strike Supplement filed by defendants Mitchell Grigsby, Lucy Guy, Emily Hardin, Michael Murphy, and Roane County [Doc. 66]. The Court has reviewed the responses and replies to the pending motions [Docs. 14, 34, 53, 54, 55, 57, 58, 63, 64, 65, 68].

For the reasons that follow, the Court will: (1) grant the Motion to Dismiss filed by defendants Mark N. Foster, Dennis Miracle, and Glenda Faye Miracle [Doc. 12]; (2) grant the Motion to Dismiss filed by defendant Rochelle Oldfield [Doc. 17]; (3) grant the Motion to Dismiss filed by defendants Tywanna Walker and Frank Williams [Doc. 40]; (4) grant the Motion to Dismiss filed by defendants Michael Murphy and Vicky Murphy [Doc. 46]; (5) grant the Motion to Dismiss filed by defendants Vicky Murphy and the Roane County Emergency 911 Center [Doc. 48]; (6) grant the Motion to Dismiss filed by defendants Mitchell Grigsby, Lucy Guy, Emily Hardin, Michael Murphy, and Roane County [Doc. 51]; (7) grant the Motion to Amend the Pleadings pursuant to Federal Rule of Civil Procedure 15(a) filed by plaintiffs [Docs. 58, 59]; (8) deny the Motion to Strike Supplement filed by defendants Mark Foster, Dennis Miracle, and Glenda Faye Miracle [Doc. 60]; (9) deny the Motion to Strike Reply to Response filed by defendant Rochelle Oldfield [Doc. 61]; (10) deny the Motion to Dismiss Defendants' Motion to Strike filed by plaintiffs [Doc. 63]; and (11) deny the Motion to Strike Supplement filed by defendants Mitchell Grigsby, Lucy Guy, Emily Hardin, Michael Murphy, and Roane County [Doc. 66].

2

# I.    Background[1]

Plaintiffs filed a lengthy complaint accompanied by voluminous exhibits.[2]   Their grievances appear to be centered around four subjects: (1) the outcome of a state-court litigation involving the real property rights of plaintiffs Loretta and Bobby Murray, (2) the fact that plaintiff Billy Murray's son has been taken into custody by the Tennessee Department of Children's Services, (3) the arrest of plaintiff Bobby Murray, and (4) the dispatch of an emergency vehicle in response to a fire at plaintiff Billy Murray's home [Docs. 6, 59].

Plaintiffs Bobby and Loretta Murray were involved in a real property dispute with defendants Dennis and Glenda Faye Miracle in Roane County Chancery Court case number 16543 [*Id.*].   Defendant Mark Foster represented Dennis and Glenda Faye Miracle in the action [*Id.*].   Defendant Frank Williams presided over the case in his capacity as Roane County Chancellor [*Id.*].   Defendant Denise Butler was Bobby and Loretta Murray's attorney during this real property action [*Id.*].   Plaintiffs allege generally that defendants Frank Williams, Denise Butler, Dennis Miracle, and Glenda

---

[1] For the purposes of the motions to dismiss, the Court takes plaintiffs' factual allegations as true.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that "when ruling on a defendant's motion to dismiss, a judge must accept as true all factual allegations contained in the complaint" (citations omitted)).

As addressed herein, the Court will grant plaintiffs' motion to amend the pleadings [Docs. 58, 59], and considers the supplemental pleadings when summarizing the background of the case.

[2] The Court notes that plaintiffs filed a thirty-five page complaint of unnumbered factual assertions, attached seventy-five pages of exhibits to the complaint, and filed an additional pleading with further allegations [Docs. 6, 59].

3

Faye Miracle conspired together to ensure that plaintiffs Bobby and Loretta Murray would lose the case [*Id.*].

Plaintiffs allege that defendant Williams violated their rights by refusing to recuse, screaming at plaintiffs in the courtroom, insulting plaintiffs in the courtroom, withholding evidence, and not swearing in witnesses [*Id.*]. Plaintiffs assert that defendant Foster engaged in malpractice during the action and that both he physically assaulted and spit on plaintiff Bobby Murray [*Id.*]. With respect to defendant Dennis Miracle, plaintiffs allege that he routinely spies on neighbors, he has previously shot at plaintiffs, he films plaintiffs regularly, and he has stalked plaintiffs repeatedly [*Id.*]. Plaintiffs allege that defendant Glenda Faye Miracle accompanies Dennis Miracle while he commits these wrongdoings [*Id.*]. Plaintiffs assert that defendant Denise Butler took money from plaintiffs and then acted contrary to plaintiffs' wishes [*Id.*].

Plaintiffs also discuss the circumstances surrounding the Tennessee Department of Children's Services taking custody of plaintiff Billy Murray's son [*Id.*]. Plaintiffs allege that defendants Michael Murphy, Vicky Murphy, Tywanna Walker, Michelle Rios, Rochelle Oldfield, Emily Hardin, Lucy Guy, Mitchell Grigsby, and the Tennessee Department of Children's Services were all involved in a conspiracy to take the child away from Billy Murray [*Id.*].

Defendants Michael and Vicky Murphy are involved in a court adoption action in Roane County Chancery Court concerning Billy Murray's son [*Id.*]. The son was initially placed in foster care with the Murphys by the Tennessee Department of

4

Children's Services [*Id.*]. Defendant Tywanna Walker, employee of the Tennessee Department of Children's Services, was involved in the case in her capacity as a case-worker [*Id.*]. Plaintiffs assert that Walker spoke to the child's mother and convinced her to give up parental rights [*Id.*]. Defendant Rochelle Oldfield was the court-appointed guardian ad litem for the minor child, and plaintiffs allege that she forced the child's mother to give up her parental rights [*Id.*]. Plaintiffs allege that defendant Emily Hardin, a court clerk, issued a false court order in this case [*Id.*]. Plaintiffs assert that defendants Michael and Vicky Murphy, a Roane County sheriff's deputy and a 911 dispatcher respectively, took actions (or inactions) in their respective employment capacities solely to further their interest in the adoption proceedings [*Id.*].

Plaintiffs also allege that there was a conspiracy to have plaintiff Bobby Murray falsely imprisoned for false charges of murder [*Id.*]. Defendant Mitchell Grigsby was the officer that arrested plaintiff Bobby Murray, and plaintiffs allege that the warrant he executed was supposed to be for someone else [*Id.*]. Plaintiffs assert that Grigsby caused his partner to act wrongfully toward plaintiff Bobby Murray [*Id.*]. Plaintiffs state that defendant Lucy Guy, acting as a court clerk, issued a wrongful warrant [*Id.*].

The last event that plaintiffs' complaint appears to center on is the dispatch of an emergency vehicle to plaintiff Billy Murray's home [*Id.*]. Plaintiffs allege that defendant Vicky Murphy delayed the dispatch of a fire truck to Billy Murray's home because she was involved in the adoption of his child [*Id.*]. Consequently, they state that as a result of Murphy's negligence, Billy Murray's home burned down [*Id.*].

5

Plaintiffs bring this suit pursuant to 42 U.S.C. § 1983 for violations of protections guaranteed to them by the First, Fifth, Eighth, Ninth, and Fourteenth Amendments of the Constitution [*Id.*].  Plaintiffs also appear to be alleging other various federal and state-law claims against certain defendants [*Id.*].  Plaintiffs filed suit against Frank Williams, Denise Butler, Mark Foster, Dennis Miracle, Glenda Faye Miracle, Michelle Rios, Tywanna Walker, Rochelle Oldfield, Emily Hardin, Lucy Guy, Michael Murphy, Vicky Murphy, and Mitchell Grigsby in their individual and professional capacities [*Id.*].  Plaintiffs also assert claims against Roane County and Roane County Emergency 911 Center [*Id.*].

## II.    Motion to Amend the Pleadings[3]

Plaintiffs filed an "Answer to Defendants Motion to Dismiss" on August 17, 2015, and within it reference an "Addendum" to the complaint, also filed on August 17, 2015 [Docs. 58, 59].  The Court will construe these documents as a motion to amend the pleadings pursuant to Federal Rule of Civil Procedure 15(a).

A party may amend its pleading once as a matter of course within twenty-one days of serving it, or the earlier of twenty-one days of a defendant filing a responsive pleading or serving a motion under Rule 12 (b), (e), or (f).  Fed. R. Civ. P. 15(a)(1).  "In all other

---

[3] While the motions to dismiss were filed before the motion to amend, motions to amend shall be freely granted.  Fed. R. Civ. P. 15.  Moreover, granting a motion to dismiss before addressing a pending motion to amend can be an abuse of discretion.  *Thompson v. Superior Fireplace Co.*, 931 F.2d 372, 374 (6th Cir. 1991).  The Court, therefore, first addresses the motion to amend.

6

cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

"The court should freely give leave when justice so requires." *Id.* Leave is appropriate "[i]n the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (internal quotation marks omitted); *see also Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 633 (6th Cir. 2009). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005) (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980)).

Here, plaintiffs filed the motion to amend within twenty-one days of several defendants filing a responsive pleading under Rule 12(b). Plaintiffs filed their motion to amend on August 17, 2015 [Docs. 58, 59], which falls within twenty-one days of the filing of motions to dismiss by the following defendants: Tywanna Walker and Frank Williams, filed August 4, 2015 [Doc. 40]; Michael and Vicky Murphy (individually), filed August 5, 2015 [Doc. 46]; Vicky Murphy (in her professional capacity) and Roane County E. 911 Center, filed August 6, 2015 [Doc. 48]; Mitchell Grigsby, Lucy Guy, Emily Hardin, Michael Murphy (in his professional capacity), and Roane County, filed

August 11, 2015 [Doc. 51]. Plaintiffs, therefore, amended their complaint as a matter of course. Fed. R. Civ. P. 15(a)(1).

Furthermore, the Court does not find delay, bad faith, or dilatory motive on the part of plaintiffs, nor does the Court find that plaintiffs have repeatedly failed to cure deficiencies by amendments previously allowed. Finally, there is no indication that granting plaintiffs' motion would result in undue prejudice to defendants. Accordingly, plaintiffs' motion to amend will be granted.

## III. Motion to Dismiss Defendants' Motion to Strike

Plaintiffs filed a motion to strike [Doc. 63], in which plaintiffs move this Court to disregard the motion to strike filed by defendants Mark Foster, Dennis Miracle, and Glenda Faye Miracle [Doc. 60]. In support, plaintiffs argue that the motion should be stricken because defendant Mark Foster filed the motion on behalf of himself as well as defendants Dennis Miracle and Glenda Faye Miracle.

Mark Foster is representing himself in this action and the Miracles. On July 20, 2015, plaintiffs filed a motion to disqualify Mark Foster as counsel for Dennis Miracle and Glenda Faye Miracle [Doc. 16]. On August 18, 2015, defendants Mark Foster, Dennis Miracle, and Glenda Faye Miracle filed a motion to strike plaintiffs' "addendum" [Doc. 60], with Mark Foster as the undersigned counsel. On August 24, 2015, plaintiffs filed a motion to strike defendants' motion [Doc. 60] because the Court had not yet given Mark Foster leave to represent Dennis or Glenda Faye Miracle. On September 15, 2015,

8

Magistrate Judge Shirley issued a memorandum and order denying plaintiffs' motion to disqualify counsel [Doc. 70].

The Court notes that plaintiffs provide no authority for the proposition that Mark Foster could not file a motion on behalf of himself and the Miracles while there was a motion to disqualify counsel pending. Additionally, Magistrate Judge Shirley ultimately denied the motion to disqualify counsel. The Court, therefore, does not find grounds to strike the motion to strike plaintiffs' "addendum" filed by defendants Mark Foster, Dennis Miracle, and Glenda Faye Miracle [Doc. 60], and plaintiffs' motion will be denied [Doc. 63].

## IV.     Motions to Strike Plaintiffs' "Answer to Defendants Motion to Dismiss" and "Addendum"

Defendants Mitchell Grigsby, Lucy Guy, Emily Hardin, Michael Murphy, and Roane County, filed a motion to strike plaintiffs' answer to defendants' motion to dismiss and plaintiffs' addendum [Doc. 66]. Defendants Mark Foster, Dennis Miracle, and Glenda Faye Miracle filed a motion to strike plaintiffs' addendum [Doc. 60].

Defendants Mitchell Grigsby, Lucy Guy, Emily Hardin, Michael Murphy, and Roane County argue that plaintiffs' answer to defendants' motion to dismiss is "irrelevant, impertinent, and prejudicial to the defendants" [Doc. 67 p. 4]. As noted herein, however, the Court construes this document as a valid motion to amend. Plaintiffs note in their response [Doc. 68] that their intent in filing the answer to

9

defendants' motion to dismiss [Doc. 58] was to move to amend the complaint.[4] The Court, therefore, will not strike plaintiffs' "Answer to Defendant's Motion to Dismiss" [Doc. 58] or plaintiffs' "Addendum" [Doc. 59]. The Court will consider these documents as part of the record when deciding the motions to dismiss. Accordingly, defendants' motions to strike will be denied [Docs. 60, 66].

## V.     Motions to Dismiss

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal pleading standard. *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004). It requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration in original) (quoting *Twombly*, 550 U.S. at 557)).

---

[4] The plaintiffs urge the Court to "allow the Motion and the Addendum to stand" [Doc. 68 p. 2].

In deciding a Rule 12(b)(6) motion to dismiss, the Court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In doing so, the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted).

*Pro se* litigants "are held to less stringent [pleading] standards than . . . lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972). Yet, this Court's "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). "Neither [this] Court nor other courts . . . have been willing to abrogate basic pleading essentials in *pro se* suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). For instance, federal pleading standards do not permit *pro se* litigants to proceed on pleadings that are not readily comprehensible. *Cf. Becker v. Ohio State Legal Servs.*

11

*Ass'n*, 19 F. App'x 321, 322 (6th Cir. 2001) (upholding a district court's dismissal of a pro se complaint containing "vague and conclusory allegations unsupported by material facts").

Because the Court will grant plaintiffs' motions to amend the pleadings, the Court considers the allegations in plaintiffs' original pleadings as well as the proposed pleadings in deciding defendants' motions to dismiss. Upon review of the pleadings, it appears that plaintiffs' primary cause of action consists of § 1983 claims against all defendants. Plaintiffs also contend that various defendants violated other federal and state laws.

### A.     Federal Claims

Plaintiffs allege § 1983 claims against all defendants and federal stalking claims against defendants Dennis and Glenda Faye Miracle.

### 1.     Section 1983 Claims

Plaintiffs primarily base their complaint on allegations that defendants violated 42 U.S.C. § 1983. In order to prevail on a § 1983 claim, plaintiffs are required to prove two elements: (1) they were "deprived of a right secured by the Constitution or laws of the United States," and (2) they were "subjected or caused to be subjected to this deprivation by a person acting under color of state law." *Gregory v. Shelby Cty., Tenn.*, 220 F.3d 433, 441 (6th Cir. 2000).

### a.    Official Capacity

Pursuant to federal law, "[a]n official capacity claim filed against a public employee is equivalent to a lawsuit directed against the public entity which that agent represents." *Claybrook v. Birchwell*, 199 F.3d 350, 355 n.4 (6th Cir. 2000) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Roane County, Tennessee, is a defendant in this action and has thus received notice of the claims against it. The Court, therefore, finds it appropriate to dismiss plaintiffs' official capacity claims against Emily Hardin, Lucy Guy, Michael Murphy, Mitchell Grigsby, and Vicky Murphy because they are all employees of Roane County.

### b.    Acting Under Color of State Law

In order to prevail on a § 1983 claim, plaintiffs must allege that they were subjected to a deprivation of a constitutional right by a person acting under color of state law. A person acts under color of state law "only when exercising power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Polk Cty. v. Dodson*, 454 U.S. 312, 317–18 (1981) (citation and internal quotation marks omitted).

### (1)    Mark Foster

Plaintiffs allege that Mark Foster acted in ways that upset the plaintiffs in his capacity as a nongovernmental lawyer representing a private, nongovernmental client in a land dispute. It is well settled that "a lawyer representing a client is not, by virtue of

being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Id.* at 318 (citations omitted).

Plaintiffs also allege that Mark Foster is a Rockwood City judge and mistreated Jacob Murray in a proceeding [Doc. 6 p. 31–32]. Jacob Murray, however, is not a plaintiff in this action. Plaintiffs, therefore, have not stated a cognizable claim that Mr. Foster deprived the plaintiffs of constitutional rights while acting under the color of state law.

Accordingly, the § 1983 claims against Mark Foster will be dismissed against him both in his individual and professional capacity.

### (2)     Dennis and Glenda Faye Miracle

Plaintiffs do not allege that the Miracles are anything but private citizens who live near land owned by plaintiffs Loretta and Bobby Murray and that they are litigants in matters in Roane County Chancery Court against the Murrays. Therefore, the § 1983 claims against the Miracles will be dismissed both in their individual and professional capacities because plaintiffs have not alleged that the Miracles were acting under color of state law.

### (3)     Michelle Oldfield

As a preliminary matter, Rochelle Oldfield filed a motion to strike [Doc. 61] plaintiffs' reply briefs [Docs. 53, 57]. In support, Oldfield argues that plaintiffs did not comply with Local Rule 7.1(d), which requires a party to seek leave of court before filing additional briefs, which plaintiffs failed to do. Local Rule 7.1 permits three standard

14

briefs: (1) an opening brief; (2) a responsive brief; and (3) a reply brief. "No additional briefs . . . or other papers in support of or in opposition of a motion shall be filed without prior approval of the Court." L.R. 7.1(d).

The Court, however, is mindful of the well-established tradition that federal courts treat *pro se* litigations more leniently than they would parties represented by attorneys. The Court construes plaintiffs' additional briefs as motions for leave to file additional briefs, and the Court will grant the motions. The Court will, therefore, deny defendant's motion to strike and will consider the additional briefs [Docs. 53, 57] in deciding the motion to dismiss.

Plaintiffs allege that Oldfield conspired with other defendants to cause plaintiff Billy Dean Murray to lose custody of his child, and that she used the power of her position to illegally gain custody of the child.

Oldfield was acting in her capacity as a guardian ad litem when performing the alleged actions that plaintiffs assert give rise to a § 1983 claim. Despite being appointed by a court, a guardian ad litem is not a state actor, because he or she represents the best interests of the individual, not the state. *Bracey v. Barbour*, No. 3:12-cv-629, 2012 WL 2395171, at *8 (M.D. Tenn. June 25, 2012) (citations omitted) (declining to find that a guardian ad litem is a state actor for the purpose of § 1983). Although plaintiffs claim that Oldfield was not acting in the best interest of the child, and was thus acting outside the scope of her role as guardian ad litem, at no point do plaintiffs allege that Oldfield was she representing the interests of the state.

15

Furthermore, persons who are integral parts of the judicial process, including guardians ad litem, are entitled to absolute immunity from state or federal claims. *Briscoe v. LaHue*, 460 U.S. 325, 345 (1983); *Kurzawa v. Mueller*, 732 F.2d 1456, 1458 (6th Cir. 1984) (extending immunity to guardians ad litem).

Plaintiffs have not stated a § 1983 claim against Oldfield upon which relief can be granted. Accordingly, the § 1983 claims against Oldfield in her individual and professional capacity will be dismissed.

### c. Immunity from Suit

### (1) Frank Williams

Plaintiffs assert § 1983 claims against Chancellor Frank Williams contending that, in a chancery court land dispute pending before him, he was biased, he screamed at Loretta Murray, and he conspired with attorneys involved in the dispute.

It is well established that judges are absolutely immune from liability for judicial acts committed within their jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) (per curiam). This immunity applies "even if a judge acts erroneously, corruptly, or in excess of his jurisdiction." *Johnson v. Turner*, 125 F.3d 324, 333 (6th Cir. 1997) (citing *Mireles*, 502 U.S. at 11–12). Judicial immunity is only overcome in two circumstances. *Mireles*, 502 U.S. at 11. Judges are not immune from liability "for non-judicial actions, i.e., actions not taken in the judge's judicial capacity" or actions "taken in the complete absence of all jurisdiction." *Id.* at 11–12.

16

Here, plaintiffs' allegations against defendant Williams all arise from actions which were purportedly taken in his judicial capacity, including: being biased, yelling in the courtroom, not recusing, etc., during the course of a land use conflict between several of the plaintiffs and the Miracles. Williams was also acting in matters over which he properly exercised chancery court jurisdiction. In Tennessee, the circuit courts are courts of general jurisdiction. Tenn. Code Ann. § 16-10-101. The chancery courts have concurrent subject matter jurisdiction with the circuit courts, in all civil causes of action, except for a few limited exceptions for cases involving claims for unliquidated damages which are not implicated in this case. *Id.* § 16-11-102(a). Williams, therefore, retains judicial immunity because neither circumstance that can overcome judicial immunity applies in this case. *Mireles*, 502 U.S. at 11.

Accordingly, plaintiffs' § 1983 claims against Williams will be dismissed against him in both his individual and official capacity.

### (2) Tywanna Walker

Plaintiffs assert § 1983 claims against Tywanna Walker, employee of the Tennessee Department of Children's Services, alleging that she "harangued" a child's mother into surrendering her rights, and also that she provided notice of a hearing to plaintiffs Billy and Loretta Murray, and told them that it was a child-support hearing.

To the extent that Walker's actions were taken in her capacity as a legal advocate, she is entitled to absolute immunity. *Pittman v. Cuyahoga Cty. Dep't of Children & Family Svs.*, 640 F.3d 716, 724–26 (6th Cir. 2011). Furthermore, the doctrine of

17

qualified immunity protects a case-worker from liability for a substantive or procedural

due process claim in connection with any alleged misrepresentations unrelated to her role

as an advocate before the juvenile court because the case-worker did not cause the

deprivation of custody of the child. *Id.* at 726–30. In *Pittman*, the Sixth Circuit held:

> Because the juvenile court has the ultimate decision-making power with
> response to placement and custody, it alone could deprive Pittman of his
> fundamental right. Therefore, [the case-worker's] conduct did not violate
> Pittman's substantive due process rights, and she has qualified immunity
> against that claim.

*Id.* at 729. Here, as in *Pittman*, the custody decision regarding Billy Dean Murray's child

was perpetuated by the juvenile court, and not by any particular case-worker. Walker is,

therefore, entitled to either absolute or qualified immunity claims against here.

Accordingly, plaintiffs' § 1983 claims against Walker will be dismissed against

her in both her individual and official capacity.

### d. Deprived of a Constitutional Right

Plaintiffs broadly allege that they bring this suit pursuant to § 1983 for violations

of protections guaranteed to them by the First, Fifth, Eighth, Ninth, and Fourteenth

amendments of the Constitution. Plaintiffs have not identified, in any non-conclusory

manner, how any of the plaintiffs were deprived of any right protected by the

Constitution or federal law due to the actions of the remaining defendants. They allege

generally that a conspiracy existed to deprive plaintiffs of their rights broadly, without

specifying which federal right or rights the defendants allegedly affected, and how.

Conclusory allegations of a conspiracy are insufficient to survive a motion to dismiss.

18

*See Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987) (affirming the dismissal of a conspiracy claim where the "complaint merely alleged broad conclusory language void of the factual allegations necessary to support a conspiracy theory").

In addition to the broad conspiracy claims, to the extent that plaintiffs are alleging individual claims against defendants, the Court will address the factual allegations supporting the remaining § 1983 claims that the Court has not already found should be dismissed on other grounds.

### (1)  Emily Hardin

Plaintiffs allege § 1983 claims against defendant Hardin for scheduling a court date for a custody hearing that plaintiffs disliked.  This action alone is insufficient to establish that defendant Hardin violated any of plaintiffs' rights protected by the Constitution or federal law.  The Court will dismiss the § 1983 claims against defendant Hardin.

### (2)  Lucy Guy

Plaintiffs allege § 1983 claims against defendant Guy for refusing to help plaintiffs and for issuing an illegal warrant.  Absent further facts or explanation, this action alone is insufficient to establish that defendant Guy violated any of plaintiffs' rights protected by the Constitution or federal law.  The allegation that Guy issued the warrant wrongfully is conclusory in that plaintiffs do not allege any corresponding facts further explaining the circumstances that allegedly made the warrant illegal.  The Court will dismiss the § 1983 claims against defendant Guy.

19

### (3)  Michael Murphy

Plaintiffs allege § 1983 claims against defendant Michael Murphy for taking custody of Billy Murray's child.  Absent further facts or explanation, this action alone is insufficient to establish that defendant Murphy violated any of plaintiffs' rights protected by the Constitution or federal law.  The Court will dismiss the § 1983 claims against defendant Michael Murphy.

### (4)  Mitchell Grigsby

Plaintiffs allege § 1983 claims against defendant Grigsby for complying with an arrest warrant and confirming that he was arresting the correct person.  Plaintiffs make other allegations regarding wrongful conduct during plaintiff Bobby Murray's arrest, but do not attribute any of these actions to Grigsby.  Rather, plaintiffs only state that Grigsby "conspired" with his unnamed partner to harm Bobby Murray.  *See Gutierrez*, 826 F.2d at 1538.  Absent further facts or explanation, this action alone is insufficient to establish that defendant Grigsby violated any of plaintiffs' rights protected by the Constitution or federal law.  The Court will, therefore, dismiss the § 1983 claims against defendant Grigsby.

### (5)  Vicky Murphy

Plaintiffs allege § 1983 claims against defendant Vicky Murphy for failure to dispatch a fire truck to plaintiff Billy Murray's home.  Plaintiffs state, in a conclusory manner, that Murphy did so because she was involved in the adoption of Billy Murray's

son.  Absent further facts or explanation, this action alone is insufficient to establish that defendant Murphy violated any of plaintiffs' rights protected by the Constitution or federal law.  The Court will, therefore, dismiss the § 1983 claims against defendant Murphy.

### (6)    Roane County Emergency Communications District

Plaintiffs allege § 1983 claims against defendant Roane County Emergency Communications District for not making a timely dispatch in response to a fire at plaintiff Billy Murray's home.  Absent further facts or explanation, this action alone is insufficient to establish that defendant Roane County Emergency Communications District violated any of plaintiffs' rights protected by the Constitution or federal law.  The Court will, therefore, dismiss the § 1983 claims against defendant Roane County Emergency Communications District.

### (7)    Roane County

Plaintiffs allege § 1983 claims against Roane County for allowing its officials to carry out the actions previously discussed herein.  A municipality may not be held liable under 42 U.S.C. § 1983 "for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).  "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.*  Accordingly, to succeed on a

21

municipal liability claim under § 1983, a plaintiff "must demonstrate that the alleged federal violation occurred because of a municipal policy or custom." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Monell*, 436 U.S. at 694).

Plaintiffs have not pointed to any municipal policy or custom that gave rise to the alleged deprivation of constitutional rights. The only allegation plaintiffs make against Roane County is that the municipality allowed its officials to carry out the actions discussed. Based on this sole allegation, it appears that plaintiffs are attempting to impose liability based on a theory of *respondeat superior*, which is improper under 42 U.S.C. § 1983. *Monell*, 436 U.S. at 694. To the extent that plaintiffs are alleging that that federal violations occurred because of a municipal policy or custom, plaintiffs' statements are conclusory because they are not alleging any factual basis for the presence of a municipal policy or custom in Roane County that "allowed" its officials to commit constitutional violations.

Accordingly, the § 1983 claims against Roane County will be dismissed.

### 2.    Federal Stalking

Plaintiffs allege that Dennis and Glenda Faye Miracle "set a pattern of harassment and set him on a course of conduct that could be construed as Federal Stalking" [Doc. 6]. The federal statute regarding stalking is 18 U.S.C. § 2261A, and it does not contain a private right of action. 18 U.S.C. § 2261A; *see also Hopson v. Commonwealth Attorney's Office*, No. 3:12CV-744-M, 2013 WL 1411234, at *3 (W.D. Ky. April 8, 2013) (citation omitted) (concluding that there is no private cause of action under 18

U.S.C. § 2261A).  Accordingly, because federal stalking does not contain a private right of action, plaintiffs' claims of federal stalking will be dismissed.

## B.     State-Law Claims

As the Court has previously noted, plaintiffs' pleadings are long and difficult to decipher.  To the extent that plaintiffs are alleging state-law claims[5] against defendants that will be dismissed upon entry of this order, the Court will decline to exercise continuing "pendent" or supplemental jurisdiction over plaintiffs' state-law claims against those dismissed defendants.

While the Court has broad discretion under 28 U.S.C. § 1367(c)(3) to dismiss or to retain jurisdiction over pendent state-law claims under the circumstances presented by this case, "[o]rdinarily, where all federal claims have been dismissed, federal courts should decline to exercise supplemental jurisdiction over state law claims." *Reynosa v. Schultz*, 282 F. App'x 386, 390–91 (6th Cir. 2008); *see also* 28 U.S.C. § 1367(c)(3). Having found the federal claims should be dismissed, pursuant to § 1367(c), the Court will decline to exercise continuing supplemental jurisdiction over plaintiffs' state-law claims against Frank Williams (in his individual and professional capacity), Mark Foster (in his individual and professional capacity), Dennis Miracle (in his individual and professional capacity), Glenda Faye Miracle (in her individual and professional capacity), Roane County, Tywanna Walker (in her individual and professional capacity), Rochelle

---

[5] Plaintiffs appear to be alleging various claims of malpractice, assault, negligence, among other state-law claims, against various defendants [*See* Docs. 6, 59].

Oldfield (in her individual and professional capacity), Emily Hardin (in her individual and professional capacity), Lucy Guy (in her individual and professional capacity), Michael Murphy (in his individual and professional capacity), Vicky Murphy (in her individual and professional capacity), Mitchell Grigsby (in his individual and professional capacity), and Roane County Emergency 911 Center.

## VI.    Conclusion

For these reasons, the Court **GRANTS** the Motion to Amend the Pleadings pursuant to Federal Rule of Civil Procedure 15(a) filed by plaintiffs [Docs. 58, 59], **DENIES** the Motion to Strike Supplement filed by defendants Mark Foster, Dennis Miracle, and Glenda Faye Miracle [Doc. 60], **DENIES** the Motion to Dismiss Defendants' Motion to Strike filed by plaintiffs [Doc. 63], **DENIES** the Motion to Strike Supplement filed by defendants Mitchell Grigsby, Lucy Guy, Emily Hardin, Michael Murphy, and Roane County [Doc. 66], **GRANTS** the Motion to Dismiss filed by defendants Mark N. Foster, Dennis Miracle, and Glenda Faye Miracle [Doc. 12], **GRANTS** the Motion to Dismiss filed by defendant Rochelle Oldfield [Doc. 17], **DENIES** the Motion to Strike Reply to Response filed by defendant Rochelle Oldfield [Doc. 61], **GRANTS** the Motion to Dismiss filed by defendants Tywanna Walker and Frank Williams [Doc. 40], **GRANTS** the Motion to Dismiss filed by defendants Michael Murphy and Vicky Murphy [Doc. 46], **GRANTS** the Motion to Dismiss filed by defendants Vicky Murphy and the Roane County Emergency 911 Center [Doc. 48], and

**GRANTS** the Motion to Dismiss filed by defendants Mitchell Grigsby, Lucy Guy, Emily Hardin, Michael Murphy, and Roane County [Doc. 51].

Accordingly, all claims against the following defendants are hereby **DISMISSED**: Frank Williams (in his individual and professional capacity), Mark Foster (in his individual and professional capacity), Dennis Miracle (in his individual and professional capacity), Glenda Faye Miracle (in her individual and professional capacity), Roane County, Tywanna Walker (in her individual and professional capacity), Rochelle Oldfield (in her individual and professional capacity), Emily Hardin (in her individual and professional capacity), Lucy Guy (in her individual and professional capacity), Michael Murphy (in his individual and professional capacity), Vicky Murphy (in her individual and professional capacity), Mitchell Grigsby (in his individual and professional capacity), and Roane County Emergency 911 Center.

Upon the Court's review of the record of this case, this civil action was filed on or about July 7, 2015 [Doc. 6]. The record reflects that defendants Michelle Rios and the Tennessee Department of Children's Services were served on July 15, 2015 [Docs. 30, 33]. These defendants have not filed a response to the complaint and plaintiffs have not sought default judgment nor taken any other action against these defendants. Further, the record contains no evidence that plaintiffs have achieved service of process on defendant Denise Butler. Accordingly, plaintiffs are hereby **ORDERED**, within twenty-one (21) days from the date of this order, to show cause why the case against defendants Michelle

Rios, Tennessee Department of Children's Services, and Denise Butler should not be dismissed for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.


s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE