UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LORETTA MURRAY *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:15-cv-284-TAV-CCS |
| ) | |
| FRANK WILLIAMS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral Order [Doc. 81] of the Chief District Judge.

Now before the Court is a Motion for Award of Fees Pursuant to 42 U.S.C. § 1988 [Doc. 75], filed by Defendants Mark Foster, Dennis Miracle, and Glenda Miracle (collectively, "Defendants"). The Motion requests that the Court award the Defendants their reasonable attorney's fees and expenses incurred in 2015 for defending the lawsuit. The Plaintiffs filed a Response [Doc. 77] in opposition to the Motion, and the Defendants filed a Reply [Doc. 79]. The Plaintiffs also filed a Sur-Reply [Doc. 80].[1] The Motion is now ripe and ready for adjudication.

Accordingly, for the reasons explained below, the Court **RECOMMENDS** that the Defendants' Motion [**Doc. 75**] be **GRANTED IN PART AND DENIED IN PART**.

**I.   BACKGROUND**

The original Complaint [Doc. 1] in this case was filed on July 6, 2015, and amended [Doc.

---

[1] Although the Court has considered the Plaintiffs' Sur-Reply, the Plaintiffs are hereby **ADMONISHED** for the failure to follow the Local Rules of this Court. Pursuant to Local Rule 7.1(d), "No additional briefs, affidavits, or other papers in support of or in opposition to a motion shall be filed without prior approval of the Court, except that a party may file a supplemental brief of no more than 5 pages to call to the Court's attention developments occurring after a party's final brief is filed." The Plaintiffs' Sur-Reply is longer than five (5) pages and does not set forth any new developments.

59] on August 17, 2015. The Plaintiffs filed the lawsuit pursuant to 42 U.S.C. § 1983 for violations of protections guaranteed by the First, Fifth, Eighth, Ninth, and Fourteenth Amendments of the United States Constitution. The Plaintiffs filed the lawsuit against sixteen individuals in both their individual and professional capacities. Because only two Defendants, the Miracles, seek attorney's fees and expenses, the Court will only discuss the allegations that pertain to them.[2]

It appears from the Complaint that Plaintiffs Bobby and Loretta Murray were involved in a real property dispute with the Miracles, which was filed in Roane County Chancery Court. Defendant Foster represented the Miracles, and Attorney Denise Butler represented Plaintiffs Bobby and Loretta Murray. In the federal lawsuit, the Plaintiffs claimed that the Miracles conspired with Chancellor Frank Williams, Defendant Foster, and Attorney Butler to ensure that Plaintiffs Bobby and Loretta Murray would lose the state case by denying them due process and equal protection under the law. The Plaintiffs alleged that Chancellor Williams and Attorney Butler conspired with Defendant Foster to change court documents and to deprive Plaintiffs Bobby and Loretta Murray of liberty and property.

The Plaintiffs also alleged that Defendant Dennis Miracle called the police on Jacob Murray for outstanding felony warrants, which was misinformation.[3] The Plaintiffs alleged that Mr. Miracle filed a complaint in Chancery Court, but the complaint was based on a lie. The Plaintiffs submitted that the state complaint alleged that the Plaintiffs would harm Mr. Miracle, although Mr. Miracle has shot at Plaintiff Loretta Murray. The Plaintiffs stated that the Chancellor found in favor of Mr. Miracle and placed an injunction on Roger Murray, although the Chancellor

---

[2] As explained below, the original Motion requested attorney's fees on behalf of all three Defendants—Mark Foster, Dennis Miracle, and Glenda Miracle. In the Reply, however, Defendant Foster acknowledged that he could not receive attorney's fees for his work defending himself.
[3] Jacob Murray was not a party to this lawsuit.

2

Case 3:15-cv-00284-TAV-CCS   Document 85   Filed 02/01/17   Page 2 of 14   PageID #: 678

had no jurisdiction to issue an injunction.

The Plaintiffs alleged that Mr. Miracle draws a Social Security check, although he is not disabled. The Complaint stated that Ms. Miracle also draws a check. The Complaint stated that while the Miracles both draw checks, they allegedly cannot pay their attorney, Defendant Foster. The Plaintiffs alleged that Mr. Miracle harassed the Plaintiffs, which can be construed as federal stalking. In addition, the Plaintiffs alleged that Mr. Miracle spied on neighbors, filmed the Plaintiffs, and has shot at the Plaintiffs. The Complaint also alleged that Mr. Miracle stole the Plaintiffs' tools, pulled up decorative bushes and plants, and cut the Plaintiffs' waterline and poured concrete down it. The Plaintiffs alleged that Ms. Miracle accompanied Mr. Miracle in these activities. In addition, the Complaint stated that Mr. Miracle manufactured evidence in the underlying dispute in state court.

The Defendants moved [Doc. 12] to dismiss the Complaint. On March 22, 2016, the Chief District Judge by Memorandum Opinion and Order granted [Doc. 74] the Defendants' Motion to Dismiss. With respect to the § 1983 claims against the Miracles, the District Court noted that the Plaintiffs did not allege that the Miracles are anything but private citizens. The District Court, therefore, dismissed the claims against them. In addition, with respect to the claims of federal stalking, the District Court noted that the federal statute regarding stalking, 18 U.S.C. § 2261A, does not contain a private right of action.

Finally, with respect to the Plaintiffs' state law claims, the District Court stated that it appeared that the Plaintiffs were alleging various claims of malpractice, assault, negligence, among other state-law claims against various defendants, which were difficult to decipher. The Court concluded, "To the extent that plaintiffs are alleging state-law claims against defendants that will be dismissed upon entry of this order, the Court will decline to exercise continuing "pendent" or

3

supplemental jurisdiction over plaintiffs' state-law claims against those dismissed defendants."

The Miracles have now moved for attorney's fees and expenses.

## II.  POSITIONS OF THE PARTIES

As mentioned above, the Miracles [Doc. 75] request an award of reasonable attorney's fees and expenses incurred in 2015. The Defendants originally requested a total of $3,429.66 but later amended their request [Doc. 79] to $1,420.78, acknowledging that Defendant Foster may not recover fees in this action for his work defending himself as a *pro se* attorney defendant. The Miracles argue that 42 U.S.C. § 1988 authorizes prevailing defendants a fee award upon finding that the action was frivolous, unreasonable, or without foundation. The Miracles assert that the Plaintiffs' lawsuit meets that criteria. The Miracles argue that, for example, the Plaintiffs failed to assert that the Miracles acted in any official capacity as state actors toward the Plaintiffs, which is a fundamental requirement of a § 1988 claim. The Miracles also assert that the Plaintiffs continued to litigate their claims, despite the Miracles' pending Motion to Dismiss.

In addition, the Miracles assert that the federal lawsuit is only one lawsuit of a continuing pattern of frivolous assertions by the Plaintiffs. The Miracles cite several state court decisions dismissing different actions filed by the Plaintiffs. The Miracles argue, "Plaintiffs are not merely one-time *pro se* litigants who are somehow innocently misled in the serious, and seriously wrong, nature of their filings."  [Doc. 75 at 3]. The Miracles conclude that the Plaintiffs are quasi-professional *pro se* litigants who have filed a number of frivolous actions. In support of their Motion, the Defendants attached an Affidavit as to Legal Fees [Doc. 75-1], which was later amended [Doc. 79-1] as explained above.

The Plaintiffs filed a Response [Doc. 77], objecting to the Defendants' request. The Plaintiffs state that 42 U.S.C. § 1988 does not authorize a fee award to a prevailing defendant but

4

only to a prevailing party. The Plaintiffs assert that § 1983 claims allow prevailing defendants an award upon finding that the action was frivolous, unreasonable, or without foundation but not § 1988 actions. Further, the Plaintiffs emphasize that the Chief District Judge's opinion does not state that the action was frivolous. The Plaintiffs also state that while the Court dismissed their federal claims, it did not retain jurisdiction over the state claims, and the state claims may be filed again in state court.

Further, the Plaintiffs assert that Defendant Foster violated 12 C.F.R. § 19.8 by representing the Miracles because Defendant Foster was sued as well. The Plaintiffs argue that Defendant Foster did not present his conflict to the Court and that his financial interest in the Motion for Award of Fees may conflict with the Miracles' own interest in a fee award. The Plaintiffs assert that the Miracles are not entitled to a separate award because they are married to one another and presumably would be represented in the same bill. Moreover, the Plaintiffs argue that the attorney's fees are excessive, especially since Defendant Foster only filed two or three papers in this case. The Plaintiffs add that Defendant Foster has previously been accused of inflating and padding his bills. The Plaintiffs submit that no *pro se* litigant has ever been paid to represent himself.

In addition, the Plaintiffs argue that Defendant Foster, also a City Judge, was acting in conflict of interest when he tried a case involving Plaintiffs Bobby and Loretta Murray's grandson, Jacob Lee Murray. The Plaintiffs assert that Defendant Foster asked whether Jacob Murray was related to the Plaintiffs but nevertheless tried their grandson and found him guilty, despite the conflict of interest. The Plaintiffs argue that Defendant Foster should have recused. The Plaintiffs state that, for instance, Defendant Foster filed a motion to withdraw after he was appointed to represent Jesse Lee Duncan, who resided at the property that was in dispute.

5

Case 3:15-cv-00284-TAV-CCS   Document 85   Filed 02/01/17   Page 5 of 14   PageID #: 681

With respect to the allegation that Defendant Foster pads his bills, the Plaintiffs submit that Defendant Foster raised his billing in this case from his usual $175.00 to $200.00. Moreover, the Plaintiffs submit that 5.5 hours of research is excessive. The Plaintiffs argue that on July 11, 2015, Defendant Foster billed for drafting a Motion to Dismiss and for research and that on July 12, 2015, he billed 3.2 hours for continuing to draft the Motion to Dismiss. The Plaintiffs state that the Motion to Dismiss is only eleven pages long. In addition, the Plaintiffs submit that Defendant Foster charges his time for telephone calls and letters, but he knows that Mr. Miracle cannot pay. The Plaintiffs assert that it is not good business practice to charge $20.00 per letter to the client. The Plaintiffs also state that Defendant Foster's charges are of "questionable necessity."

Finally, the Plaintiffs allege that the Defendants are only requesting attorney's fees in an attempt to take possession of the land. The Plaintiffs submit that the Motion should be denied or the Court should order the Miracles to seek new counsel.

In the Reply [Doc. 79], the Defendants request that the Court make no award to Defendant Foster and instead make an award to the Miracles of $1,420.78, which the Defendants assert represents the portion of fees previously sought that relate solely to the Miracles' defense. The Miracles assert that Plaintiffs' arguments regarding Defendant Foster's conflict of interest is without merit because he is no longer seeking fees and the Court already rejected this argument. With respect to the Plaintiffs' argument that their action was not frivolous but just filed in the wrong court, the Miracles assert that the District Court dismissed this action because the Plaintiffs failed to state a claim under § 1983. The Miracles argue that Plaintiffs' claims were frivolous. With respect to the Plaintiffs' arguments that the attorney's fees are excessive, the Miracles argue that they have reduced the amount of fees sought and that the fees relate to the time and expense that were necessary in defending this action. Finally, the Miracles assert that although the Plaintiffs

6

argue that Defendant Foster has been accused of padding his bills in the past, the previous accusations were made by the Plaintiffs.

In support of the Reply brief, Attorney Foster included an Affidavit as to Legal Fees [Doc. 79-1]. The Affidavit states that Attorney Foster has reduced the original amount requested. For instance, Attorney Foster originally billed 5.2 hours for the motion to dismiss but has reduced this request to one hour for work on behalf of the Miracles. The Affidavit states that where work was performed that benefited both Attorney Foster and the Miracles, but was not specifically related solely to the § 1983 action, Attorney Foster excluded such work on the theory that had he not been representing the Miracles, he may have performed the work for his benefit.

The Plaintiffs filed an Answer [Doc. 80] to the Reply. The Plaintiffs assert that the Miracles cannot be awarded attorney's fees because the District Court did not rule that the Plaintiffs' action was frivolous. Moreover, the Plaintiffs assert that the Miracles were required to file a motion for sanctions under Federal Rule of Civil Procedure 11 before the Court may assess attorney's fees. The Plaintiffs argue that they knew that the Miracles did not work for the state, but they participated in a conspiracy with a state player, Chancellor Williams. The Plaintiffs submit that the Miracles are attempting to persuade the Court to reopen this case and to deem the case frivolous. The Plaintiffs argue that if the Miracles' Motion were to be granted, it would change the existing law on attorney's fees because the Memorandum Opinion and Order does not mention the word "frivolous." The Plaintiffs also aver that the Motion does not comply with Rule 11. In addition, the Plaintiffs assert that their case was filed in good faith and that they only filed in the wrong court. Finally, the Plaintiffs argue that the instant Motion for Attorney's Fees was filed to harass them.

**III. ANALYSIS**

The Defendants originally requested that the Plaintiffs pay 16.6 hours at $200.00 per hour for a total amount of attorney's fees of $3,320.00. In addition, per the Court's calculation, the Defendants originally requested $109.66 in expenses. The Defendants later amended the request for attorney's fees and expenses after acknowledging Defendant Foster was not allowed to bill for work on behalf of himself. Now, the Miracles have requested that the Plaintiffs pay 6.8 hours at the rate of $200.00 per hour for a total amount of $1,360.00 in attorney's fees. In addition, the Miracles have amended their request for expenses to $90.76. For the reasons explained below, the Court finds that the request should be granted, in part.

As mentioned above, the Miracles have moved for attorney's fees and expenses pursuant to 42 U.S.C. § 1988. Specifically, § 1988(b) states, in relevant part:

> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

With respect to prevailing defendants, the Sixth Circuit has explained as follows:

> The Supreme Court has held that "while prevailing plaintiffs are entitled to attorney's fees under [42 U.S.C. § 1988] in all but special circumstances, prevailing defendants are entitled to attorney's fees much less frequently." Smith v. Smythe-Cramer Co., 754 F.2d 180, 182 (6th Cir. 1985) (citing Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 417-18, (1978)), cert. denied, 473 U.S. 906 (1985). "[A] prevailing *defendant* should only recover upon a finding by the district court that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Wayne v. Village of Sebring, 36 F.3d 517, 530 (6th Cir. 1994) (internal quotation omitted), cert. denied, 514 U.S. 1127 (1995). "Application of these standards requires inquiry into the

8

> plaintiffs' basis for bringing suit." Smith, 754 F.2d at 183. The Supreme Court has noted, however, that "[i]n applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Christiansburg, 434 U.S. at 421-22.

Wolfe v. Perry, 412 F.3d 707, 720 (6th Cir. 2005).

With the above analysis in mind, the Court finds that attorney's fees and expenses are warranted in the instant matter. Specifically, the Court finds this case similar to Multari v. Cleveland Community Hosp., Community Health Systems, No. 1:05-cv-359, 2006 WL 3864813 (E.D. Tenn. Dec. 14, 2006), wherein the court awarded attorney's fees to the prevailing defendants. In Multari, the court granted the defendants' motion to dismiss because the plaintiff failed to allege that the defendants were acting under color of state law at the time he was ejected from the hospital. Id. at *2. The court emphasized that the plaintiff did not seek to amend his complaint to add facts which would support an allegation that the defendants' were acting under color of state law. Id. The court acknowledged that the plaintiff was acting *pro se* but noted that he was "still obligated to fulfill minimal standards in asserting his claims against the defendants." Id. The court stated that while the plaintiff was not acting in bad faith, "a foundation was completely lacking to bring the Section 1983 claim against the defendants because an essential element of a Section 1983 claim was missing from the complaint; i.e., there were no facts alleged from which the [c]ourt could conclude or infer that the defendants were acting under color of law." Id. The court declined, however, to award any attorney's fees incurred for defending the plaintiff's state law claims. Id. at *3. The court reasoned that the defendants chose not to move for dismissal with prejudice or summary judgment on the plaintiff's state law claims and those claims were dismissed without prejudice when the court declined to exercise supplemental jurisdiction over them. Id. Further, the

9

court reasoned that it was "not in a posture to say these state law claims were frivolous, made in bad faith or lacking in foundation, and thus the defendants were not 'successful' on these claims." Id.

Similarly, in the instant matter, the District Court dismissed the Plaintiffs' claims against the Miracles because the Plaintiffs failed to allege that they were state actors. With respect to the federal stalking claim, the District Court dismissed this claim because there is no private right of action pursuant to the statute. The Court finds that with respect to these claims, the Plaintiffs had no foundation and that attorney's fees are appropriate.

The Court will now turn to the specific amount requested to determine whether it is reasonable. See Wimley v. Matheny, No. 4:06-cv-7222, 2008 WL 5130162, *1 (E.D. Tenn. Dec. 2008) ("Attorney's fees for successful litigants under federal fee shifting statutes are commonly calculated using the 'lodestar' method of multiplying the number of hours reasonably expended by a reasonably hourly rate.") (Other citations omitted). Defendant Foster billed $200.00 per hour in this case. The Plaintiffs assert that $200.00 per hour is excessive. The Court disagrees. The Court routinely awards attorney's fees more than $200.00 per hour for this geographic region.[4]

As mentioned above, the Miracles have requested the Plaintiffs pay for 6.8 hours of work.

---

[4] See MAKS v. EODT, Case No. 3:10-CV-443, Report and Recommendation, Doc. 458 (E.D. Tenn. Feb. 11, 2014) (recommending that a Washington D.C. litigator's request for $600 per hour be reduced to $300 per hour); Penn. Higher Educ. Assistance Agency v. Coffey, 2013 WL 1342805 (E.D. Tenn. Mar. 7, 2013) (finding $250.00 per hour to be a reasonable rate on a contract claim in Chattanooga); Trentham v. Hidden Mountain Resorts, Inc., Case No. 3:08-CV-23, Doc. 154 (E.D. Tenn. Sept. 2, 2010) (awarding $260.00 in an employment case to an attorney who has practiced in Knoxville since 1949); Doherty v. City of Maryville, 2009 WL 3241715, *7 (E.D. Tenn. Sept. 30, 2009) (awarding $225 per hour rate for partners and a $175 per hour rate for associates of a law firm that successfully litigated a Constitutional claim in Knoxville); Goodman Properties Inc. v. Blosser, 2012 WL 6765626 (E.D. Tenn. Nov. 13, 2012) (finding $275.00 per hour to be a reasonable rate on a contract claim in Chattanooga); Loyless v. Oliveira, 2012 WL 775084 (E.D. Tenn. Feb.17, 2012) (finding $300 to be a relatively high hourly rate for the Chattanooga legal market but approving the fee in light of no objections); McKay v. Reliance Standard Life Ins. Co., 654 F. Supp.2d 731, 746 (E.D. Tenn. 2009) (approving a $250 hourly rate in an ERISA case); Grant v. Shaw Environmental, Inc., 2013 WL 1305599 (E.D. Tenn. Jan. 30, 2013) (reducing hourly rate in FLSA case, including a request for $440 per hour for out-of-town counsel, to a weighted average of $248.42) *amount of award sustained at* Grant v. Shaw Environmental, Inc., 2013 WL 1305596 (E.D. Tenn. Mar. 28, 2013).

The Court, notes, however, that Plaintiffs alleged federal and state claims in their Complaint. Similar to Multari, the Court declines to award any attorney's fees for work on the state law claims. The District Court dismissed the state law claims because it declined to exercise supplemental jurisdiction over them. As in Multari, this Court "is not in a posture to say these state law claims were frivolous, made in bad faith or lacking in foundation, and thus the [Miracles] were not 'successful' on these claims." 2006 WL 3864813, at *2. Thus, the Court will reduce the request for attorney's fees accordingly.

The Court has reviewed Attorney Foster's Affidavit, and like the situation in Multari, "it is difficult to determine from the description given how much time is applicable solely to the Section 1983 claim and how much of the time might also be applicable to the state law claims." Id. When the court in Multari was faced with this situation, the court noted:

> If the Court were to rely entirely on the lodestar method, i.e., multiply hours worked solely on the Section 1983 claim by a reasonable hourly rate, as the means of determining the fee award in this case, then the defendants' lack of specificity would be a serious impediment. However, where the prevailing party is a defendant as opposed to a plaintiff, the Court may consider the plaintiff's ability to pay in determining the proper amount of the attorney's fee award under Section 1988.

This Court will adopt the same approach. See also Wolfe v. Perry, 412 F.3d 707, 724 (6th Cir. 2005) ("a non-prevailing plaintiff's ability to pay may be used as a factor to determine the size of the award, but not whether an award is appropriate in the first place."). Here, all four Plaintiffs filed an application to proceed *in forma pauperis*, and the undersigned granted all four applications. With respect to Plaintiff Bobby Murray, he stated that he only receives an SSI check, but he does not provide the amount. [Doc. 1]. He owns $4,000.00 in real property and approximately $6,200.00 in personal property. His total monthly expenses are $673.00. Plaintiff

11

Billy Murray receives $640.00 from Social Security. [Doc. 2]. He has $100.00 in assets, and his monthly expenses are $640.00. Plaintiff Loretta Murray also receives a Social Security check, but she does not provide how much she receives. [Doc. 3]. She owns $4,200.00 in real property and approximately $2,800.00 in personal property.[5] She owns a "small trailer home" worth approximately $1,500.00. Her expenses total $652.00 per month. Finally, with respect to Roger Murray, he submits that he owns real property in the amount of $4,200.00. [Doc. 4]. In addition, he owns ½ interest of a 2002 Dodge Dakota in the amount of $1,800.00. From the Court's own calculation, it appears that his monthly expenses are more than $1,240.00.[6] He states that he does not receive income from any sources.

Taking the Plaintiffs' ability to pay in account and the fact that the Miracles did not prevail on the state law claims, the Court recommends that the total hours of 6.8 should be reduced by 10%, or to 6.12 hours. See Multari, 2006 WL 3864813, *4 (stating that "an award of attorney's fees under Section 1988 should not subject a plaintiff to financial ruin") (citing Wolfe, 412 F.3d at 724) (other citations omitted); see also Fox v. Vice, 563 U.S. 826, 838 (2011) ("But trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time."). Accordingly, the Court recommends that the Miracles be awarded $1,224.00 in attorney's fees.

As a final note, the Court has also considered the Plaintiffs' arguments that Defendant

---

[5] Plaintiff Loretta Murray lists that she owns a ½ interest in a Dodge trunk, with Roger Murray owning the other ½ interest. Plaintiff Loretta Murray states that the current value is approximately $18.00. It appears to the Court that this is a typographical error, and that the estimated value is $1,800.00 because in Roger Murray's application, he lists the ½ interest of the truck as $1,800.00
[6] Plaintiff Roger Murray did not provide his total monthly expenses.

Foster violated 12 C.F.R. § 19.8,[7] Defendant Foster acted in conflict of interest in other matters, Defendant Foster pads his bills, and that the Defendants did not follow Rule 11 in requesting attorney's fees. Accordingly, the Court finds that the Plaintiffs' conclusory allegations and arguments are without merit.

(b) *Expenses*

The Miracles have also argued that they are entitled to expenses in the amount of $60.78. The Sixth Circuit has recently explained:

> As part of an attorneys' fees award, § 1988 allows district courts to award "those incidental and necessary expenses incurred in furnishing effective and competent representation." Waldo v. Consumers Energy Co., 726 F.3d 802, 827 (6th Cir. 2013) (citations omitted). Such expenses include "[r]easonable photocopying, paralegal expenses, and travel and telephone costs." Id. (quoting Northcross v. Bd. of Educ. of Memphis City Sch., 611 F.2d 624, 639 (6th Cir.1979)). It is the responsibility of the prevailing party to document and provide evidence regarding the reasonableness of the costs and expenses for which it is seeking an award. See, e.g., Auto Alliance Int'l, Inc. v. U.S. Customs Serv., 155 F. App'x 226, 229 (6th Cir.2005) (affirming a trial court's denial of costs because the prevailing party "failed to submit any evidence or argument that might support an allowance of these costs" including "how the charges were reasonably related to the issues raised in the ... litigation").

Ohio Right to Life Soc., Inc. v. Ohio Elections Comm'n, 590 F. App'x 597, 605 (6th Cir. 2014). Moreover, the "authority granted in section 1988 to award a 'reasonable attorney's fees' included the authority to award those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services." Northcross v.

---

[7] 12 C.F.R § 19.8 states, "No person shall appear as counsel for another person in an adjudicatory proceeding if it reasonably appears that such representation may be materially limited by that counsel's responsibilities to a third person or by the counsel's own interest." This regulation applies to adjudicatory proceedings brought under certain provisions of the Federal Deposit Insurance Act, Securities Exchange Act of 1934, Flood Disaster Protection Act of 1973, Federal Deposit Insurance Act, or the assessment of civil penalties brought by the Office of the Comptroller of the Currency.

Bd. of Educ. of Memphis City Schools, 611 F.2d 624, 639 (6th Cir. 1979).

In the present matter, the Court has reviewed the expenses requested in this matter and finds that they are reasonable. Accordingly, the Court recommends that the Miracles be awarded $90.76 in expenses.

**IV. CONCLUSION**

Accordingly, the Court **RECOMMENDS**[8] that the Motion for Award of Attorney's Fees Pursuant to 42 U.S.C. § 1988 [**Doc. 75**] be **GRANTED IN PART AND DENIED IN PART**. The Court recommends that the Miracles be awarded $1,224.00 in attorney's fees and $90.76 in expenses for a total award of $1,314.76.

Respectfully submitted,

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[8] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).