UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| LORETTA MURRAY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No.: 3:15-CV-284-TAV-CCS |
| | ) |
| FRANK WILLIAMS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This civil matter is before the Court on the Report and Recommendation ("R&R") issued by United States Magistrate Judge C. Clifford Shirley, Jr. [Doc. 85]. In the R&R, Judge Shirley recommends that the Motion for Award of Fees Pursuant to 42 U.S.C. § 1988 filed by defendants Mark Foster, Dennis Miracle, and Glenda Miracle (collectively "defendants") [Doc. 75] be granted in part and denied in part. Specifically, Judge Shirley recommends that the Miracles be awarded $1,224.00 in attorney's fees and $90.76 in expenses, for a total award of $1,314.76. Plaintiffs filed an objection to the R&R [Doc. 86], and defendants responded to the objection [Doc. 87]. For the reasons stated herein, the Court will overrule plaintiffs' objection and accept the R&R in whole.

**I.     Standard of Review**

A court must conduct a *de novo* review of those portions of a magistrate judge's report and recommendation to which a party objects unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v.*

*Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "Objections disputing the correctness of the magistrate's recommendation, but failing to specify the findings believed to be in error are too general and therefore insufficient." *Stamtec, Inc. v. Anson*, 296 F. App'x 516, 519 (6th Cir. 2008) (citation omitted). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" made by the magistrate judge. 28 U.S.C. § 636(b)(1).

**II.   Analysis[1]**

As an initial matter, the Court notes that plaintiffs' objection is largely unintelligible, frivolous, and conclusory [*See* Doc. 86]. Consequently, the Court need not conduct a *de novo* review of the objection and may overrule the objection on that basis alone. *See Mira*, 806 F.2d at 637. However, considering the "significant leeway afforded to *pro se* litigants," to the extent that the Court can decipher plaintiffs' arguments, the Court will conduct a *de novo* review of the portions of the R&R to which plaintiffs object. *See Gallaher v. S. Tube Form, LLC*, No. 3:06-CV-326, 2007 WL 2710707, at *3 (E.D. Tenn. Sept. 14, 2007).

Plaintiffs generally appear to argue the following in support of their objection: (1) defense counsel's hourly rate is unreasonable; (2) plaintiffs' claims were not frivolous; (3) Judge Shirley should have considered the previous sanctions issued in state court against plaintiffs and the recommended sanctions would "devastate" plaintiffs; (4) defendants are asking for sanctions out of spite; and (5) plaintiffs are not quasi-

---

[1] The Court presumes familiarity with this action and the R&R at issue [Doc. 85].

2

professional pro se litigants [Doc. 86]. The Court will address each of these arguments in turn.

### A. Hourly Rate

Plaintiffs argue that defense counsel's hourly rate of $200 is unreasonable because plaintiffs contend that defense counsel typically charges $175 per hour for legal services. In support of this assertion, plaintiffs attached to their objection a portion of an affidavit defense counsel filed with the Roane County Chancery Court on March 25, 2015, for work performed in that court and the Tennessee Court of Appeals [Doc. 86-2]. Defendants attached the complete affidavit to their response to plaintiffs' objections [Doc. 87-1].

Upon review of the state court affidavit and the affidavit filed in support of the current fee application [Doc. 75-1], the Court notes that the state court affidavit was for work performed in 2013 and 2014, while the current affidavit is for work between July 10, 2015, and September 21, 2015. It is not unreasonable for an attorney's fees to increase from $175 per hour to $200 per hour over time. Furthermore, as Judge Shirley noted in the R&R, this Court routinely awards attorney's fees at rates higher than $200 per hour for this geographic region [Doc. 85 p. 10 n.4 (citing cases finding rates above $200 per hour to be reasonable)]. As such, plaintiffs' objection as to the reasonableness of counsel's hourly rate is without merit and their objection will be overruled in that regard.

### B. Whether Plaintiffs' Claims Were Frivolous

Plaintiffs assert that their claims under 42 U.S.C. § 1983 against non-state actors were not frivolous because the non-state actors allegedly conspired with state actors. Plaintiffs also point out that the Court did not state that the claims were frivolous in its previous opinion and order dismissing the action.

Plaintiffs, however, cite no law for the proposition that an allegation of conspiracy with state actors can make a private individual subject to a § 1983 action. In addition, although the Court did not explicitly provide that plaintiffs' federal claims against defendants were frivolous in its previous opinion, that does not preclude the Court from determining that the claims were frivolous at a later date. As Judge Shirley detailed in the R&R, there is precedent for awarding fees to prevailing defendants in a situation where, as is here, a plaintiff asserts § 1983 claims but fails to allege that the defendants were acting under color of state law [Doc. 85 pp. 9–10]. Considering this precedent, as well as plaintiffs' lack of legal support for their contention that a conspiracy with state actors would make defendants subject to a § 1983 claim, Judge Shirley correctly determined that plaintiffs' § 1983 claims against defendants were frivolous. As such, the Court will overrule plaintiffs' objection in this regard.

### C. Previous Sanctions Issued Against Plaintiffs

Plaintiffs next argue that a previous state court sanction issued against plaintiffs should have been considered in determining plaintiffs' ability to pay the award in this

case. Plaintiffs further assert that that recommended award would devastate plaintiffs financially.

As an initial matter, the fact that plaintiffs were ordered to pay frivolous litigation sanctions previously does not relieve plaintiffs from having to pay sanctions for a later frivolous action. In addition, as Judge Shirley provided in the R&R, "a non-prevailing plaintiff's ability to pay may be used as a factor to determine the size of the award, but not whether an award is appropriate in the first place" [Doc. 85 p. 11 (citing *Wolfe v. Perry*, 412 F.3d 707, 724 (6th Cir. 2005)]. The Court further notes that Judge Shirley recommended reducing the award below the amount defendants requested [*Id.* at 12]. In doing so, Judge Shirley detailed plaintiffs' financial circumstances [*Id.* at 11–12]. The Court finds, therefore, that the R&R fully considers plaintiffs' financial status in coming to the recommended sanction. Consequently, the Court will deny plaintiffs' objection based on previous sanctions issued against plaintiffs and plaintiffs' general financial status.

### D. Defendants Asking for Sanctions Out of Spite

Plaintiffs argue that defendants should not be awarded sanctions because they are only seeking sanctions to spite plaintiffs. Plaintiffs, however, do not cite any law to support their assertion that this allegation is relevant in determining whether a fee award is appropriate. Defendants are exercising their right to request that they be awarded fees they incurred in defending this frivolous action, and they should not be denied that right

5

based on plaintiffs' conclusory assertions that defendants are acting out of spite. *See* 42 U.S.C. § 1988(b). Plaintiffs' objection in this regard will, therefore, be overruled.

### E. Quasi-Professional Pro Se Litigants

Plaintiffs argue that the Court should not accept the R&R because plaintiffs are not quasi-professional pro se litigants. While the R&R provides that it is defendants' position that plaintiffs are quasi-professional pro se litigants [Doc. 85 p. 4], Judge Shirley never came to that same conclusion, and defendants' position on the issue did not appear to influence his recommendations. As such, the Court finds that the statement in the R&R regarding plaintiffs' alleged status as quasi-professional pro se litigants had no bearing on the conclusions in the R&R. As such, plaintiffs' objection in this regard is without merit and will be overruled.

### F. Overall Consideration of Plaintiffs' Objection

To the extent plaintiffs are asserting additional arguments in addition to those already addressed by the Court, the Court finds that those arguments are unintelligible, frivolous, and/or conclusory, and do not warrant *de novo* review. *See Mira*, 806 F.2d at 637. Having concluded that none of plaintiffs' arguments have merit, the Court will accept the R&R in whole.

## III. Conclusion

For the reasons discussed herein, the Court hereby **OVERRULES** plaintiffs' objection [Doc. 86]. Accordingly, the Court **ACCEPTS IN WHOLE** the R&R [Doc. 85], which the Court incorporates into its ruling. Defendants' Motion for Award of Fees

6

Pursuant to 42 U.S.C. § 1988 [Doc. 75] is hereby **GRANTED in part and DENIED in part**. The Court hereby **AWARDS** the Miracles $1,224.00 in attorney's fees and $90.76 in expenses, for a total award of **$1,314.76**.

    IT IS SO ORDERED.

                                          s/ Thomas A. Varlan
                                          CHIEF UNITED STATES DISTRICT JUDGE