UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LORETTA MURRAY, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:15-cv-284-TAV-CCS |
| ) | |
| FRANK WILLIAMS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral Order [Doc. 24] of the Chief District Judge.

Now before the Court is the Plaintiffs' Motion for Stay of Execution of Sanction [Doc. 92]. The Plaintiffs request that the Court stay the sanction of $1,314.76. The Defendants filed a Response [Doc. 93], opposing the Motion, and the Plaintiffs filed a Reply [Doc. 96]. The parties have also filed supplemental responses [Docs. 98, 99], which the Court has considered. The Motion is now ripe for consideration, and the Court finds that a hearing is not necessary. Accordingly, for the reasons more fully explained below, the Court **RECOMMENDS** that the Plaintiffs' Motion for Stay of Execution of Sanction [**Doc. 92**] be **DENIED**.

**I.    POSITIONS OF THE PARTIES**

The Plaintiffs request [Doc. 92] that the Court stay the execution of the judgment without the Plaintiffs having to post bond. The Plaintiffs state that the Defendant and his attorney are now trying to take the Plaintiffs' property and that they (Defendant and his attorney) already have a lien

on the property.[1] The Plaintiffs state that if the Court denies the Motion, they will be denied access to the appeals court.

The Defendants, Dennis Miracle and Glenda Miracle, have responded in opposition [Doc. 93] to the Plaintiffs' Motion. The Defendants argue that under Federal Rule of Civil Procedure 62(d) and Tennessee Rule of Civil Procedure 62.04, a condition of obtaining a stay pending appeal of a judgment is the posting of a bond. The Defendants submit that Federal Rule 62 contemplates a stay pending appeal without posting a bond but only for appeals by the United States, its officers, and agents. In addition, the Defendants assert that the Plaintiffs' request does not meet the exceptional case standard for relief. The Defendants argue that the Plaintiffs have filed a frivolous appeal with respect to their frivolous 42 U.S.C. § 1983 claim. The Defendants submit that there is a pre-existing judgment lien against Plaintiffs Bobby and Loretta Murray for the frivolous appeal to the Tennessee Court of Appeals in another case. The Defendants assert that with respect to that judgment, they (Defendants) have not taken any action to enforce the judgment during the pendency of the state court appeal other than recording it.

The Plaintiffs filed a Reply [Doc. 96], arguing that this is an exceptional case and that Defendants come to Court with "dirty hands." [Doc. 96 at 1]. The Plaintiffs state that the Defendant has shot at them on three separate occasions, the Defendants conspired with Judge Frank Williams and defense counsel, and that Defendants continue to harass the Plaintiffs. The Plaintiffs allege a number of allegations against the Defendants and assert that this case is exceptional because the Plaintiffs are all disabled, they all own properties together but now there are liens on them, and that defense counsel padded his bills. The Plaintiffs submit that this is also an exceptional case because defense counsel's conflict, acting as an attorney and a defendant in

---

[1] It appears to the Court that the Plaintiffs are referring to Defendant Dennis Miracle.

this case, and the Plaintiffs have been sanctioned in state court. In addition, the Plaintiffs assert that the Court should consider the Defendants' motive, which is to gain control of the property.

The Defendants filed a Supplemental Response [Doc. 98] stating that with respect to the state court action that the Plaintiffs refer to in their Reply, the Tennessee Court of Appeals affirmed the sanctions awarded and found the appeal frivolous. The Defendants submit that exceptional circumstances do not exist.

The Plaintiffs filed a Response [Doc. 99] to the Supplemental Response arguing that the stay of sanction was clearly built into the law to prevent the overzealous defense attorney from selling the property and that defense counsel has been after the Plaintiffs' property for years. The Plaintiffs state that Defendants mischaracterize Plaintiffs' appeals. The Plaintiffs continue that Defendants have shot at them and that defense counsel has conflicts.

## II. ANALYSIS

The Court has considered the parities' positions. Accordingly, for the reasons more fully explained below, the Court finds the Plaintiffs' request not well-taken.

The Plaintiffs have moved to stay this action without filing a bond pursuant to Federal Rule of Civil Procedure 62 and Federal Rule of Appellate Procedure 8. Federal Rule of Civil Procedure 62(d) provides as follows, "If an appeal is taken, the appellant may obtain a stay by supersedeas bond. . . . The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond." Rule 62(d) "entitles a party who files a satisfactory supersedes bond to a stay of monetary judgment as a matter of right." *Arban v. West Pubc. Corp.*, 345 F.3d 390, 409 (6th Cir. 2003) (citing *Federal Prescription Serv., Inc., v. Am. Pharm. Ass'n*, 636 F.2d 755, 759 (D.C. Cir. 1980)) (other citations omitted). Courts have noted that this "Rule in no way necessarily implies that filing a bond is the

only way to obtain a stay. It speaks only to stays granted as a matter of right, it does not speak to stays granted by the court in accordance with its discretion." *Id.* Further, pursuant to Federal Rule of Appellate Procedure 8(a), "A party must ordinarily move first in the district court . . . for a stay of the judgment or order of a district court pending appeal."

"The Sixth Circuit has not defined a specific test to guide the Court's discretion when considering whether to grant an unsecured stay." *Buckhorn, Inc., v. Orbis, Corp.*, No. 3:08-cv-459, 2014 WL 4377811, at *1 (S.D. Ohio Sept. 3, 2014); *see also Dublin Eye Assoc., P.C. v. Massachusetts Mut. Life Ins., Co.*, No. 5:11-128, 2015 WL 1636160, at *2 (E.D. Ky. Apr. 3, 2015) (recognizing that the Sixth Circuit has not defined a specific test). Rule 62(d) balances both parties' interests. *Buckhorn, Inc.*, 2014 WL 4377811, at *1. Specifically, "Rule 62(d) permits an appellant to obtain a stay 'to avoid the risk of satisfying the judgment only to find that restitution is impossible after reversal on appeal.'" *Id.* (quoting *Poplar Grove Planting & Ref., Co., Inc., v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979)). In addition, with respect to the appellee, the Rule "effectively deprives it of its right to enforce a valid judgment immediately," but the bond provides "both insurance and compensation to the appellee." *Id.* Thus, the bond protects the appellee "from the risk of a later uncollectible judgment" and "provides compensation for those injuries which can be said to be the natural and proximate result of the stay." *Id.* (quoting *NLRB v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988)). "Because of [Rule] 62(d)'s dual protective role, a full supersedeas bond should almost always be required." *Id.* (quoting *Poplar Grove*, 600 F.2d at 1190).

In the absence of appellate guidance, some courts have stated that the party seeking waiver must establish "extraordinary circumstances." *Dublin Eye Assoc., P.C.*, 2015 WL 1636160, at *3 (citing *Pucci v. Somers*, 834 F. Supp. 2d 690, 706-07 (E.D. Mich. 2011)). Extraordinary

circumstances include "a showing by the appellant that his 'ability to pay the judgment is so plain that the cost of the bond would be a waste of money,' or that the bond requirement 'would put [appellant's] other creditors in undue jeopardy.'" *Id.* (quoting *Lim v. Terumo Corp.,* No. 11–cv–12983, 2014 WL 2051219, at *2 (E.D. Mich. May 19, 2014)) (other quotations omitted). The party seeking waiver has the burden "to objectively demonstrate the reasons" for the waiver. *Id.* (quoting *Hamlin v. Charter Twp. of Flint,* 181 F.R.D. 348, 353 (E.D. Mich. 1998)).

The Plaintiffs do not allege that their ability to pay the judgment is so plain, and in fact, their argument is just the opposite. The Plaintiffs argue that they are all disabled and while they own properties together, such properties already have liens on them. Further, the Plaintiffs claim that Plaintiff Bobby Murray has been in the hospital several times, which has depleted the families of their "cash on hand." [Doc. 96 at 3]. In essence, it appears the Plaintiffs' primary argument is that they are without the ability to pay the judgment.

A similar scenario was addressed in *Bank v. Byrd,* No. 10–02004, 2012 WL 5384162 (W.D. Tenn. Nov.1, 2012). In *Bank*, the defendant requested that the court stay the judgment and waive the requirement of the bond. *Id.* at *2. The court denied the request, reasoning as follows:

> Byrd does not provide evidence of any other extraordinary circumstances that would support a discretionary stay in the absence of a proper bond. Byrd's only justification is his claim of current financial hardship. Assuming that this unsupported assertion were true, waiving bond and awarding a stay on this basis alone would be directly contrary to the purposes of Rule 62(d). If Byrd has such diminished assets that allowing judgment to proceed or requiring bond to grant a stay would cause him to go into bankruptcy, "[t]his is exactly the type of injury against which a supersedeas bond is designed to protect—the possibility that a judgment may later be uncollectible."

*Id.* at 3 (quoting *Valley Nat'l Gas, Inc., v. Marihugh, No. 07-11675,* 2008 WL 4601032, at *2 (E.D. Mich. Oct. 14, 2008)). Accordingly, for similar reasons, the Plaintiffs' request is not well-taken.

To be sure, however, other courts have considered different factors when determining whether to grant an unsecured stay. For instance, in *Infocision Mgmt. Corp. v. Found. for Moral Law, Inc.*, No. 5:08-CV-1342, 2012 WL 369454, at *3 (N.D. Ohio Feb. 3, 2012), the court considered the following factors: (1) the protection offered by the bond to the prevailing party below; (2) whether posting the bond would pose an undue financial burden on the appellant; (3) the risk that appellee's interests may be irreparably harmed; and (4) the burden on the appellee to enforce the judgment in a foreign jurisdiction. *Id.* (citing in *Verhoff v. Time Warner Cable, Inc.*, No. 3:05-CV-7277, 2007 WL 4303743, at *2 (N.D. Ohio Dec.10, 2007)). While the second factor weighs in Plaintiffs' favor, such an argument tends "to establish that a stay without a bond should not be granted in light of the other three factors." *Id.* at *4.

Further, other courts have explained, "A court may provide for a substitute form of security where the posting of a full bond would cause financial hardship." *Vaughan v. Memphis Health Ctr., Inc.*, No. 03-2470 MA/V, 2006 WL 2038577, at *1 (W.D. Tenn. July 20, 2006) (quoting *Poplar Grove*, 600 F.2d at 1191). As noted above, however, the burden is on the movant to demonstrate why the Court should depart from Rule 62(d)'s bond requirement, and the Plaintiffs have not made any suggestions as to another form of security.

The Plaintiffs also cite to Rule 62(f), which provides, "If a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment is entitled to the same stay of execution the state could would give." The Court finds this Rule to be inapplicable in the present matter. *See Kennedy v. City of Zanesville,* No. 2:03–cv–1047, 2008 WL 3993894, at *1 (S.D. Ohio Aug. 20, 2008) ("[T]his Court's judgment in favor of the Plaintiffs does not independently constitute a lien on the Defendant's property pursuant to Rule 62(f) and does not require a stay of execution as a matter of federal law."); *see also Cadence Bank, N.A. v.*

*Latting Rd. Partners, LLC*, No. 09-2540, 2010 WL 4261230, at *2 (W.D. Tenn. June 22, 2010) (citing the same). Moreover, it appears to the Court that the lien on the Plaintiffs' property was the result of the state court judgment. *See* Doc. 96 at 4.

## III. CONCLUSION

Accordingly, for the reasons cited above, the Court hereby **RECOMMENDS**[2] that the Plaintiffs' Motion for Stay of Execution of Sanction [**Doc. 92**] be **DENIED**.

Respectfully submitted,

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).